Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Gregory P. Rubis
Catherine M. Rubis**
  Debtor(s)

Bankruptcy Case No.: 16−24595−CMB
Issued Per Feb. 6, 2017 Proceeding
Chapter: 13
Docket No.: 26 − 12
Concil. Conf.: June 29, 2017 at 01:00 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated December 30, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☒ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jun. 29, 2017 at 01:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H. Additional Terms: The claim of Ally Financial at Claim No. 3−2 shall govern as to amount, to be paid as modified in the plan at 4.14 percent interest in an amount to be determined by the Trustee.

*(2.)*  *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**  **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**  **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: February 13, 2017

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                        United States Bankruptcy Court
                        Western District of Pennsylvania
In re:                                                          Case No. 16-24595-CMB
Gregory P. Rubis                                                Chapter 13
Catherine M. Rubis
       Debtors                  CERTIFICATE OF NOTICE
District/off: 0315-2        User: jhel              Page 1 of 2              Date Rcvd: Feb 13, 2017
                            Form ID: 149            Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2017.
db/jdb         +Gregory P. Rubis,   Catherine M. Rubis,   134 Strawn Road,   Perryopolis, PA 15473-5438
cr             +Ally Financial,   Tucker Arensberg, P.C.,   c/o Brett A. Solomon, Esquire,   1500 One PPG Place,
                 Pittsburgh, Pa 15222-5413
14344257        AT&T Mobility,   P.O. Box 10330,   Fort Wayne, IN 46851-0330
14344272       +Cynthia Zentek,   213 Morton Street,   New Eagle, PA 15067-1369
14344258        Direct TV,   P.O. Box 5007,   Carol Stream, IL 60197-5007
14344259        Emergency Physicians of Pgh., LTD,   P.O. Box 13566,   Philadelphia, PA 19101-3566
14344260        Family Practice Medical Assoc. South,   1200 Brooks Lane-Suite 290,
                 Jefferson Hills, PA 15025-3765
14344261       +Focus Receiveables Management,   1130 Northchase Parkway-Suite 150,   Marietta, GA 30067-6429
14344262        Grandis, Rubin, Shanahan, and Assoc.,   575 Coal Valley Road-Suite 570,   Pittsburgh, PA 15205
14344264       +Jefferson Hills Surgical Associates,   1200 Brooks Lane-Suite 170,   Clairton, PA 15025-3759
14334749        Jefferson Regional Medical Center,   P.O. Box 643054,   Pittsburgh, PA 15264-3054
14344265       +KML Law Group,   701 Market Street-Suite 5000,   Philadelphia, PA 19106-1541
14348592       +M&T Bank,   PO Box 1508,   Buffalo, NY 14240-1508
14334751       +One Stop Auto Group,   600 Pittsburgh Road,   Uniontown, PA 15401-2214
14334752       +PNC Bank,   Consumer Loan Center,   2730 Liberty Avenue,   Pittsburgh, PA 15222-4704
14334753        PNC Cardmember Services,   P.O. Box 2859,   Kalamazoo, MI 49003-2859
14334754       +PNC Mortgage,   3232 Newmark Drive,   Miamisburg, OH 45342-5433
14348589       +PO Box 1508,   Buffalo, NY 14240-1508
14344267        Penn Credit,   916 South 14th Street,   P.O. Box 988,   Harrisburg, PA 17108-0988
14344268       +Pennsylvania Turnpike Commission,   Violation Processing Center,   8000 C Derry Street,
                 Harrisburg, PA 17111-5287
14344269       +Pittsburgh Parking Court,   240 Fourth Avenue,   Pittsburgh, PA 15222-1708
14344270       +Professional Account Management,   P.O. Box 391,   Milwaukee, WI 53201-0391
14344271        State Collection Service, Inc.,   2509 South Stoughton Road,   P.O. Box 6250,
                 Madison, WI 53716-0250
14334756        US Department of Education,   Claims Filing Unit,   P.O. Box 8973,   Madison, WI 53708-8973

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14334747        E-mail/Text: ally@ebn.phinsolutions.com Feb 14 2017 01:21:45      Ally Financial,
                 P.O. Box 130424,   Roseville, MN 55113-0004
14334748        E-mail/Text: mrdiscen@discover.com Feb 14 2017 01:21:45      Discover,   P.O. Box 30421,
                 Salt Lake City, UT 84130-0421
14339134        E-mail/Text: mrdiscen@discover.com Feb 14 2017 01:21:45      Discover Bank,
                 Discover Products Inc,   PO Box 3025,   New Albany, OH 43054-3025
14344263        E-mail/Text: cio.bncmail@irs.gov Feb 14 2017 01:21:52      Internal Revenue Service,
                 P.O. Box 7346,   Philadelphia, PA 19101-7346
14334750        E-mail/Text: camanagement@mtb.com Feb 14 2017 01:21:53      M&T Bank,   One Fountain Plaza,
                 P.O. Box 4005,   Buffalo, NY 14203
14344266        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 14 2017 01:22:06      PA Department of Revenue,
                 Bankruptcy Division,   P.O. Box 280946,   Harrisburg, PA 17128-0946
14334755        E-mail/PDF: gecsedi@recoverycorp.com Feb 14 2017 01:25:03
                 Toys R US Credit Card/Synchrony Bank,   Bankruptcy Department,   P.O. Box 965060,
                 Orlando, FL 32896-5060
                                                                                              TOTAL: 7

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PNC BANK, NATIONAL ASSOCIATION
14348590*      +PO Box 1508,   Buffalo, NY 14240-1508
                                                                                           TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2017                            Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: jhel              Page 2 of 2            Date Rcvd: Feb 13, 2017
                              Form ID: 149            Total Noticed: 31
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 13, 2017 at the address(es) listed below:

```
          Brett A. Solomon    on behalf of Creditor   Ally Financial bsolomon@tuckerlaw.com,
           dparanay@tuckerlaw.com;apetronchak@tuckerlaw.com;agilbert@tuckerlaw.com
          Daniel R. White    on behalf of Joint Debtor Catherine M. Rubis dwhite@zeblaw.com,
           gianna@zeblaw.com;dwhite.zmw@gmail.com
          Daniel R. White    on behalf of Debtor Gregory P. Rubis dwhite@zeblaw.com,
           gianna@zeblaw.com;dwhite.zmw@gmail.com
          James Warmbrodt    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 6
```